IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

JERMAINE DE'MAUL CATHEY,

     **Plaintiff,**

v.                                **Case No. 3:24-cv-00513**

JONATHAN SCOTT TAYLOR,

     **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court for initial screening is Plaintiff's *pro se* Complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that this action be **DISMISSED** for failure to state a claim upon which relief can be granted and lack of jurisdiction.

### I.    Relevant History

On September 19, 2024, Plaintiff filed an Application to Proceed without Prepayment of Fees and Costs, (ECF No. 1), as well as a *pro se* complaint against Jonathan Scott Taylor, a private citizen who allegedly converted and sold Plaintiff's motor vehicle after Plaintiff was arrested, (ECF No. 1). According to Plaintiff's Complaint, Plaintiff called Mr. Taylor upon his arrest and asked Mr. Taylor to pick up Plaintiff's 2002 Silver

Ford Ranger and hold it until Plaintiff was able to return home. (*Id.* at 4). Plaintiff later learned that Mr. Taylor sold Plaintiff's vehicle without Plaintiff's knowledge or permission and failed to deliver the funds from said sale to Plaintiff. (*Id.* at 4–5). Plaintiff seeks the return of his truck or, alternatively, for the value of his truck—which Plaintiff estimates to be between $1,700 and $3,600—to be placed in his jail account. (*Id.* at 5).

II.     **Standard of Review**

Since Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, the documents comprising his Complaint are subject to pre-service screening pursuant to 28 U.S.C. § 1915. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted.

A case is "frivolous" when it lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Anders v. California*, 386 U.S. 738, 744 (1967), and lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 327–28.

To survive screening, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Determining whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citing *Iqbal v. Hasty,* 490 F.3d 143, 157-158 (2nd Cir. 2007)). While the Court is required to accept as true the factual allegations asserted in the complaint, it is not

required to accept the legitimacy of legal conclusions that are "couched as ... factual allegation[s]." *Id.* at 678 (quoting *Twombly,* 550 U.S. at 554). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to establish a facially plausible complaint. *Id.*

This Court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint must contain sufficient factual allegations to support a valid legal cause of action. The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.   <u>Analysis</u>

### A.   **Failure to State a Claim under § 1983**

As noted, Plaintiff bring his claim pursuant to Title 42 U.S.C. § 1983, which provides as follows:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

In order to state a cause of action under § 1983, Plaintiff must present facts showing that: (1) the defendant deprived the plaintiff of a right secured by the

3

Constitution or laws of the United States; and (2) that the defendant did so under color of state law. *Johnson v. Capitol City Lodge No. 74, Fraternal Order of Police*, 477 F.2d 601, 602 (4th Cir. 1973); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

A defendant acts under color of state law if he is "a state actor or ha[s] a sufficiently close relationship with state actors such that … [he] is engaged in the state's actions." *Cox v. Duke Energy Inc.*, 876 F.3d 625, 632 (4th Cir. 2017) (quoting *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999)); *see also Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019) (internal quotation marks omitted) (a defendant acts under color of state law when he "exercise[s] power possessed by virtue of state law and made possible only because [he] is clothed with the authority of state law."). Additionally, private conduct constitutes state action only if it is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see also Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000). This requirement is satisfied if two conditions are met: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and (2) the private party charged with the deprivation "must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar*, 457 U.S. at 937.

Here, not only has Plaintiff not identified any specific right secured by the Constitution or laws of the United States that has allegedly been violated, but the sole defendant named by Plaintiff is not alleged to be a state actor and his conduct does not

4

constitute private conduct "fairly attributable to the State." Thus, Plaintiff's alleged claim against Mr. Taylor does not fall under § 1983 and is not otherwise actionable in this civil case. *Christian v. Hale*, No. 3:18-CV-01370, 2019 WL 7559789, at *7 (S.D.W. Va. June 27, 2019), *report and recommendation adopted*, No. CV 3:18-01370, 2019 WL 3801549 (S.D.W. Va. Aug. 13, 2019) ("[A] § 1983 complaint against a private party must be dismissed as '[p]urely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983.' ") (quoting *Perrin v. Nicholson*, No. 9:10-1111-HFF-BM, 2010 WL 3893792, at *2 (D.S.C. Sept. 8, 2010)); *see also Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722 (1961).

### B.      Lack of Jurisdiction

Federal courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the federal courts have jurisdiction over cases involving federal questions and diversity of citizenship. Specifically, 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332, meanwhile, provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. § 1332(a)(1).

As noted *supra*, while the Plaintiff alleges federal question as the basis for this Court's jurisdiction, Plaintiff's allegations make clear that this is merely a civil suit for conversion under state law. Plaintiff's claim does not relate to any federal law, treaty or

provision of the U.S. Constitution. Accordingly, this Court does not have jurisdiction over Plaintiff's claim pursuant to § 1331. Additionally, the Plaintiff's claim has no relation to § 1332, which requires complete diversity of citizenship between the adverse parties and an amount in controversy in excess of $75,000.00. *See Owen Equip., & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Plaintiff alleges an amount in controversy well below the threshold necessary to confer diversity jurisdiction.

For these reasons, the undersigned **FINDS** that Plaintiff's Complaint fails to state a claim upon which relief may be granted within the meaning of § 1915(e)(2)(B)(ii) and that this Court lacks jurisdiction over Plaintiff's claim.

## IV.   **Proposal and Recommendations**

Wherefore, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED** and this action be removed from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the

Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Reeder.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to mail a copy of the same to Plaintiff.

**DATED**:  March 18, 2026

Joseph K. Reeder
United States Magistrate Judge